```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION

BRANCH   BANKING   AND   TRUST  *
COMPANY,
                                *
     Plaintiff,
                                *
vs.                                   CASE NO. 4:13-CV-75 (CDL)
                                *
RTC PROPERTIES, LLC and RICHARD
E. THOMAS, SR.,                 *

     Defendants.                *
```

## O R D E R

Plaintiff Branch Banking and Trust Company's ("BB&T") predecessor in interest loaned money to RTC Properties, LLC ("RTC Properties"). That loan was guaranteed by Richard E. Thomas, Sr. ("Thomas") and secured by certain real estate ("Property"). The promissory note, security deed, and guarantee were all assigned to BB&T. Defendants RTC Properties and Thomas defaulted on the loan. BB&T brought this action against Defendants to recover the amounts owed under the promissory note and guarantee and to take possession and title to the Property pursuant to the security deed. Contending that no genuine factual disputes exist and that it is entitled to judgment as a matter of law, Plaintiff has filed a motion for summary judgment (ECF No. 15). Thomas responded to the motion by filing a collection of documents without an accompanying brief (ECF No.

19) and later filed an untimely brief with exhibits and unsworn statements (ECF No. 20).[1]  Even if the Court were to consider the admissible portions of these filings, the Court nevertheless finds that no genuine issues of material fact exist and that BB&T is entitled to summary judgment.[2]

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

---

[1] Thomas filed these responses on behalf of himself, *pro se*, but he also improperly filed them on behalf of RTC Properties, LLC.  *See Winzer v. EHCA Dunwoody, LLC*, 277 Ga. App. 710, 714, 627 S.E.2d 426, 430 (2006) (finding that a limited liability company "can appear in court only through an attorney and not through an agent not admitted to the practice of law").

[2] Accordingly, BB&T's motion to strike these responses (ECF No. 21) is terminated as moot.

FACTUAL BACKGROUND

In September 2008, Colonial Bank made a loan to RTC Properties. As part of that transaction, the following closing documents were executed: a Security Deed recorded in Muscogee County and executed by Thomas on behalf of and as sole member of RTC Properties, Pl.'s Mot. for Summ. J. [hereinafter Mot.] Ex. A, Security Deed, ECF No. 15-1; a Commercial Promissory Note and Security Agreement executed by Thomas on behalf of RTC Properties, Mot. Ex. B., Colonial Note with Allonge, ECF No. 15-2; and a Personal Guarantee executed by Thomas in his personal capacity, guaranteeing full and prompt payment of all existing and future debts, liabilities, and obligations owed by RTC Properties to Colonial Bank, Mot. Ex. D, Colonial Guarantee, ECF No. 15-4.

The Security Deed states that it is binding on "Grantor and Lender and their respective successors, assigns, trustees, receivers, administrators, personal representatives, heirs, legatees, and devisees." Security Deed ¶ 28. Also, it provides that "Grantor shall allow Lender or its agents to examine and inspect the Property and . . . . shall provide any assistance required by Lender for these purposes," *id.* ¶ 15, and that in the event of default, such as when "Grantor, Borrower or any guarantor of the Obligations . . . fails to pay any of the Obligations to Lender when due," the Lender may "enter upon and

take possession of the Property without applying for or obtaining the appointment of a receiver," *id.* ¶¶ 18-19. The Security Deed also obligates RTC Properties to pay attorneys' fees in the amount of 15% of the principal and interest owed. *Id.* ¶ 25. The Personal Guarantee executed by Thomas provides that it "shall inure to the benefit of the Beneficiary and its successors and assigns, including every holder of any of the indebtedness here guaranteed" in an "[u]nlimited" amount. Colonial Guarantee 1.

In August 2009, Colonial Bank failed, and the Federal Deposit Insurance Corporation took over as receiver. Mot. Ex. L, Purchase and Assumption Agreement, ECF No. 15-12. Effective August 14, 2009, the FDIC generally assigned all loan documents recorded in Muscogee County, including the Security Deed at issue, to BB&T. Mot. Ex. F, General Assignment, ECF No. 15-6. The General Assignment was executed on December 4, 2009 by Teresa Griswold on behalf of the FDIC as its attorney-in-fact and was recorded in Muscogee County. *Id.* at 2, ECF No. 15-6 at 3. In addition, Thomas executed a Commercial Promissory Note directly to BB&T on behalf of and as sole member of RTC Properties in October 2009. Mot. Ex. C, BB&T Note, ECF No. 15-3. That same day, Thomas executed an identical guarantee in his personal capacity, guaranteeing "full and prompt payment" of all existing and future "debts, obligations, and liabilities" owed

4

by RTC Properties to BB&T in an "[u]nlimited" amount. Mot. Ex. E, BB&T Guarantee, ECF No. 15-5.

On November 16, 2012, BB&T sent Defendants notice that they were in default. Mot. Ex. H, Demand Letters/Foreclosure Notices, ECF No. 15-8; Mot. Ex. I, Stanton Aff. ¶¶ 13-15, ECF No. 15-9. On November 26, 2012, the FDIC specifically assigned the Security Deed, the Colonial Note, and the Colonial Guarantee to BB&T, effective August 14, 2009. Mot. Ex. G, Specific Assignment, ECF No. 15-7. The Specific Assignment was executed by Tamara A. Stidham on behalf of the FDIC as its attorney-in-fact and recorded in Muscogee County. *Id.* at 2, ECF No. 15-7 at 3. That same day, the FDIC also reflected the specific assignment of the Colonial Note in an allonge endorsed to BB&T executed by Stidham as its attorney-in-fact. Colonial Note with Allonge 1, ECF No. 15-2 at 2.

In January 2013, BB&T had a Phase I environmental inspection conducted on the Property in preparation for foreclosure. Mot. Ex. J, Turbe Aff. ¶ 3, ECF No. 15-10. Based on the results, a Phase II environmental inspection was needed. *Id.* ¶ 4. Defendants refused and continue to refuse to allow BB&T's inspectors to access the Property for this purpose. *Id.* ¶¶ 5-8.

As of October 15, 2013, BB&T is owed $99,300.00 in principal; $10,211.36 in interest continuing to accrue at $13.10

5

per diem; $15,349.06 in fees and expenses including appraisal fees, environmental assessment fees, force placed insurance fees, and review fees; and collection costs including attorneys' fees of 15% of the principal and interest owed pursuant to the loan documents. Stanton Aff. ¶ 16.

## DISCUSSION

Thomas has failed to point to any evidence in the record that creates a genuine factual dispute regarding the assignment of Defendants' loan and accompanying documents to BB&T, Defendants' obligations to BB&T, Defendants' default on their obligations to BB&T, BB&T's right to judgment for the amount it claims it is owed, and BB&T's right to title and possession of the Property. Instead, Thomas attempts to create disputed issues of material fact with unsworn statements unsupported by citations to the record. Thomas attempts to dispute the validity of the General Assignment, the Specific Assignment, and the Allonge. First, Thomas points out an error in the General Assignment listing a different attorney-in-fact (Heidi Gillespie) in the notary public's acknowledgement, but correctly listing Griswold on the signature line as the attorney-in-fact who executed the document. General Assignment 2. This discrepancy alone is not material, however, as Thomas fails to dispute that Griswold had the authority to validly execute the document. *See id.* Attach. B, Aug. 2009 Limited Power of

6

Attorney 1-2, ECF No. 15-6 at 7-8 (granting Griswold, Gillespie, and a number of others limited power of attorney from August 14, 2009 to August 14, 2010).  Second, Thomas quarrels with the fact that Stidham executed an allonge to the Colonial Bank Note with an effective date of the original promissory note.  *See* Colonial Note with Allonge 1 ("Executed: November 26, 2012[;] Effective Date: August 14, 2009[.]").  Thomas cites to no evidence to dispute that Stidham was granted such authority pursuant to a limited power of attorney.  *See* Specific Assignment Attach. C, Sept. 2011 Limited Power of Attorney 1-2, ECF No. 15-7 at 8-9 (granting Stidham and others limited power of attorney from August 14, 2011 to August 14, 2013 to execute documents on behalf of the FDIC to transfer "loans formerly held by Colonial Bank to [BB&T] pursuant to that certain Purchase and Assumption Agreement, dated as of August 14, 2009[,]" including "allonges to promissory notes").

Thomas also makes allegations about an attempted foreclosure in August 2011, which is irrelevant to any of the issues presented by BB&T's motion for summary judgment.  Lastly, Thomas makes general conclusory allegations that are unsupported by any evidence in the present record.

Defendants have simply failed to create a genuine factual dispute.  It is undisputed that BB&T is entitled to enforce the Security Deed, the Colonial Note, and Colonial Guarantee against

7

the Defendants pursuant to the Purchase and Assumption Agreement, the General Assignment, and the Specific Assignment, which effectively assigned Defendants' legal obligations and the accompanying loan documents to BB&T. *See* O.C.G.A. § 11-3-203(b) ("Transfer of an instrument . . . vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course . . . ."); O.C.G.A. § 11-3-301 ("'Person entitled to enforce' an instrument means . . . a nonholder in possession of the instrument who has the rights of a holder . . . ."); *see also Kensington Partners, LLC v. Beal Bank Nevada*, 311 Ga. App. 196, 197, 714 S.E.2d 491, 494 (2011) ("[A] transfer of the underlying principal obligation operates as an assignment of the guaranty.") (internal quotation marks omitted). It is also undisputed that the Allonge resulted in the assignment of the Colonial Note to BB&T. *See* O.C.G.A. § 11-3-204 cmt. 1 ("An indorsement on an allonge is valid even though there is sufficient space on the instrument for an indorsement."). In addition to these assignments, RTC Properties executed a promissory note directly to BB&T, and Thomas executed a personal guarantee directly to BB&T.

"It is well established that a plaintiff seeking to enforce a promissory note establishes a prima facie case by producing the note and showing that it was executed." *Newton v. Sibley*, 273 Ga. App. 343, 343, 615 S.E.2d 185, 186 (2005). "Once that

8

prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense." *Id.* BB&T has produced the Colonial Note and the BB&T Note executed by RTC Properties, which obligate RTC Properties to pay the principal, interest, fees, and costs of collection including attorneys' fees. Colonial Note 1-2; BB&T Note 1-2. BB&T has also produced the Colonial Guarantee and BB&T Guarantee executed by Thomas guaranteeing payment of those obligations of RTC Properties. Colonial Guarantee 1; BB&T Guarantee 1.

Defendants have pointed to no evidence to dispute that they are in default and owe the claimed amounts. Nor have Defendants demonstrated that they have an affirmative defense to assert or that a factual dispute exists as to any such defense. BB&T has thus established that it is entitled to summary judgment. *See Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) ("[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."). Accordingly, Defendants are liable to BB&T for $99,300.00 in principal, $10,211.36 in interest as of October 15, 2013 continuing to accrue at $13.10 per diem; $15,349.06 in fees and expenses; and collection costs including attorneys' fees of $16,426.70 as of October 15, 2013.

BB&T is also entitled to immediate possession of and access to the Property pursuant to the Security Deed. Based on its

terms, "Grantor shall allow Lender . . . to examine and inspect the Property and . . . . shall provide any assistance required by Lender for these purposes." Security Deed ¶ 15. In the event of default, including when "Grantor, Borrower or any guarantor of the Obligations . . . fails to pay any of the Obligations to Lender when due," the Lender may "enter upon and take possession of the Property without applying for or obtaining the appointment of a receiver." *Id.* ¶¶ 18-19. In accordance with the terms of the Security Deed, BB&T is entitled to take possession of the Property.

## CONCLUSION

For the reasons explained above, BB&T's Motion for Summary Judgment (ECF No. 15) is granted. Final judgment shall be entered in favor of Plaintiff Branch Banking and Trust Company against Defendants RTC Properties, LLC and Richard E. Thomas, Sr., jointly and individually, in the amount of $143,305.83.[3] The Court also orders that BB&T shall have immediate access to and possession of the Property.

IT IS SO ORDERED, this 26th day of February, 2014.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[3] This figure reflects the additional interest of 134 days since October 15, 2013 and the additional attorneys' fees of 15% of that interest now owing.